FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JAN 19 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA,

                       Plaintiff,

-against-

FRED A. WILLIAMS, JR, *a/k/a Fred Williams, a/k/a Fred Allen Williams, Jr.*,

                       Defendant.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**11-CV-3593 (NGG) (RLM)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff, the United States of America, brings this student loan debt enforcement action against Defendant Fred A. Williams ("Williams") pursuant to 20 U.S.C. § 1080.[1] (Compl. (Docket Entry # 1).) The United States now moves for default judgment. (Mot. Default J. (Docket Entry # 6).) For the reasons set forth below, the court grants the United States' motion.

## I. BACKGROUND

Plaintiff filed its Complaint in this action on July 26, 2011. (Compl. (Docket Entry # 1).) The Complaint alleges that Williams owes a debt to the United States in the following amount:

    A.  Current Principal                                               $ 7,046.00
         *(after application of all prior payments, credits, and offsets)*

---

[1] 20 U.S.C. § 1080 provides in part:

(a) Upon default by the student borrower on any loan covered by Federal loan insurance pursuant to this part, and prior to the commencement of suit or other enforcement proceedings upon security for that loan, the insurance beneficiary shall promptly notify the Commissioner, and the Commissioner shall if requested (at that time or after further collection efforts) by the beneficiary, or may on his own motion, if the insurance is still in effect, pay to the beneficiary the amount of the loss sustained by the insured upon that loan as soon as that amount has been determined....

(b)(1) Upon payment of the amount of the loss pursuant to subsection (a) of this section, the United States shall be subrogated for all of the rights of the holder of the obligation upon the insured loan and shall be entitled to an assignment of the note or other evidence of the insured loan by the insurance beneficiary.

| | | |
|---|---|---|
| B. Current Capitalized Interest Balance and Accrued Interest | $ | 4,804.27 |
| C. Administrative Fee, Costs, Penalties | $ | 0.00 |
| D. Attorney Fees | | As Awarded |
| | Total Owed: | $11,850.27 |

(Compl. at ¶ 2.) The Complaint states that "[d]emand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same." (Id. ¶ 5.) Plaintiff seeks damages of $11,850.27, plus pre-judgment interest through the date of judgment, post-judgment interest pursuant to 28 U.S.C. § 1961, administrative costs, and attorneys' fees. (Compl. at 2-3.)

In support of its claim, Plaintiff attaches to the Complaint a Certificate of Indebtedness from the United States Department of Education. (Mot. Def. J. at Ex. A.) The Certificate of Indebtedness states that Williams executed a promissory note to secure a loan from the Department of Education, and that this loan was disbursed in two payments ($3,976.52 and $6,975.25) on May 1, 2001 with interest accruing at a rate of 8.25% per annum. (Id.) The Certificate further states that Williams defaulted on his obligation on October 23, 2001 and that—as of May 31, 2011—the following amounts remained outstanding:

| | |
|---|---|
| Principal: | $ 7,046.00 |
| Interest: | $ 4,721.46 |
| Total debt as of 5/31/11: | $11,767.46 |

(Id. (stating that "[i]nterest accrues on the principal shown here at the rate of $1.59 per day").

A copy of the Summons and Complaint was properly served on Williams on October 30, 2011. (Affidavit of Service (Docket Entry # 3). Because Williams failed to file an answer or otherwise move with respect to the Complaint, the Clerk of Court entered a notice of default on

2

October 11, 2011, pursuant to Federal Rule of Civil Procedure 55(a). (Docket Entry # 5.) On July 11, 2011, Plaintiff moved for default judgment. (Docket Entry # 6.) Williams has not responded, and time to do so has passed.

## II. DISCUSSION

Federal Rule of Civil Procedure 55(b)(2) provides that where a party fails to plead or otherwise defend against a complaint, and after entry of default, default judgment may be entered against such person. Upon entry of default, a court should accept as true all factual allegations in the complaint, except those relating to damages. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981); J & J Sports Prods. v. M & J Wins, Inc., No. 07-CV-6019 (RJH), 2009 U.S. Dist. LEXIS 35088, at *2 (S.D.N.Y. Apr. 23, 2009). In this case, Plaintiff's allegations as set forth in Complaint are sufficient to establish Williams's liability. Thus, default judgment is appropriate.

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); see also Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009).[2] The court has an independent obligation to assess requests for damages, which "usually must be established by the plaintiff in an evidentiary proceeding." Greyhound Exhibitgroup, 973 F.2d at 158; see also Fed. R. Civ. P. 55(b)(2) (providing that "the court may conduct . . . a hearing" to determine the amount of damages on default judgment). The Court of Appeals for the Second Circuit, however, has approved making such a determination without a hearing where detailed affidavits and other documentary evidence

---

[2] Pursuant to Federal Rule of Civil Procedure 55(b)(1), the Clerk of Court may enter default where a "plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Here, however, Plaintiff's requested damages—specifically the requests for costs and attorneys' fees—are not a "sum certain" capable of resolution under this provision.

3

provide the court with a sufficient basis for doing so. <u>Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp.</u>, 109 F.3d 105, 111 (2d Cir. 1997) (citing additional cases). The court therefore refers this matter to Magistrate Judge Roanne L. Mann for a Report and Recommendation on damages, including any awards of interest, attorneys' fees, or costs.

### III. CONCLUSION

Plaintiff's Motion for Default Judgment is GRANTED. Pursuant to 28 U.S.C. § 636(b)(1)(B), the court refers this matter to Magistrate Judge Roanne L. Mann for a Report and Recommendation on damages.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
January 18, 2012

NICHOLAS G. GARAUFIS
United States District Judge